# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ERIKA ANDERSON, et al.,

    Plaintiffs,

v.

TRANS UNION, LLC,

    Defendant.

Case No. 2:22-cv-01214-GMN-NJK

**ORDER**

[Docket No. 26]

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 26.

A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. Local Rule 26-3. The request must also be supported by a showing of good cause. *Id.* The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted). If the request is being made after the expiration of a subject deadline, a showing of excusable neglect is also required. Local Rule 26-3.

Here the parties have not demonstrated diligence. The parties submit that they did not conduct discovery to minimize litigation expenses pending resolution of Defendant's motion to transfer action. Docket No. 26 at 2. This conduct amounts to a self-imposed stay of discovery.

Any change in the discovery schedule which affects the time for completing discovery must have Court approval. Fed. R. Civ. P. 29(b); *see also* Fed. R. Civ. P. 16(b). Here, the parties never requested, and the Court never ordered, a stay of discovery. *See* Docket. Therefore, the Court cannot find good cause and the inquiry ends.

Despite the parties' lack of a proper showing, as a one-time courtesy to the parties, the Court **GRANTS** in part the parties' extension request. Docket No. 26. The scheduling order is **MODIFIED** as follows:

| | |
|---|---|
| Amend Pleadings: | Closed |
| Initial Experts: | March 13, 2023 |
| Rebuttal Experts: | April 12, 2023 |
| Discovery Cut-Off: | May 12, 2023 |
| Dispositive Motions: | June 12, 2023 |
| Joint Pretrial Order: | July 11, 2023, 30 days after resolution of the dispositive motions, or further Court order |

The parties must diligently conduct discovery.

IT IS SO ORDERED.

Dated: February 8, 2023

_____
Nancy J. Koppe
United States Magistrate Judge